**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

HARVEY BARKER,              )
                                    )
                Plaintiff,      )
                                    )
vs.                                )     CASE NO. 2:11-cv-02029
                                    )
ASSET ACCEPTANCE, LLC,    )
                                    )
                Defendant.    )

**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff's Suggestions in Opposition to Defendant's Motion for Summary Judgment ("Opposition") misplaces the relative evidentiary burdens in summary judgment practice and simply ignores several arguments requiring dismissal. Rather than respond to Defendant's Motion with citations to the record demonstrating genuine issues of fact, Plaintiff asks the Court to be patient, wait for trial, and at that stage Plaintiff will demonstrate a submissible case. Of course, Rule 56 requires more than that to survive summary judgment.

**RESPONSE TO PLAINTIFF'S FACTS**

Below, Defendant will respond to only those Statements of Fact that Plaintiff attempted to controvert.

12.     Ironically, Plaintiff attempts to controvert Defendant's Paragraph 12 by making the conclusory statement that Paragraph 12 is conclusory. Plaintiff cites to nothing in the record except the Proctor Declaration upon which Defendant relied in its statement. The statement sets forth specific factual allegations to which Plaintiff offers no controverting portions of the record.

13.     The citations to Plaintiff's deposition do not support the assertion that discussions with Plaintiff's co-worker occurred *after* the initial disclosure and questioning by his co-worker.

14. Plaintiff's attempts to controvert this statement are difficult to follow, but Plaintiff cites to the same sections of the Proctor's Declaration as Defendant, which speaks for itself.

17-18. These statements remain uncontroverted as Plaintiff points to no contrary evidence in the record disputing the testimony. Laypersons are certainly competent to testify as to whether they recognize voices to which they are familiar.

21. Plaintiff's attempts to controvert this statement are difficult to follow, but Plaintiff cites to the same sections of the Proctor Declaration as Defendant, which speaks for itself.

22-24. Plaintiff fails to point to portions of the record refuting Mr. Proctor's testimony. The factual statements are neither "musings" nor "conclusory." Mr. Proctor discussed specific protocols, policies, and processes within his knowledge as the corporate representative. Mr. Proctor also testified as to his knowledge of the company as to certain events. To attempt to sidestep this specific testimony by labeling it as "conclusory" fails to meet the relative burdens in summary judgment practice as established by Local Rule 56. Mr. Proctor established a proper foundation for his statements and those statements are uncontroverted in the record.

25. Plaintiff's feigned lack of understanding of the message referenced is belied by the testimony set forth in the Plaintiff's deposition as cited by Defendant. This statement is not controverted by any reference to the record.

30. Plaintiff's interrogatory and deposition testimony speak for themselves. Plaintiff clearly testified in his deposition and in his interrogatory responses that all evidence in support of his claims was found in Defendant's records. There was nothing equivocal about his testimony, and even if there were equivocation, Plaintiff still has failed to point to any evidence beyond Defendant's records in support of this portion of his claim.

Defendant responds as follows to the additional uncontroverted facts included in Plaintiff's Opposition (interlineated below):

16.     Defendant recorded **"some"** [emphasis added] of its telephone calls with Plaintiff and has produced 39 recordings of communications between Plaintiff and Defendant.  (Answer of Defendant, Doc. 4, ¶ 25).

**RESPONSE: The citation to the pleadings offered by Plaintiff does not support the assertion that 39 recordings have been produced by Defendant, nor does it demonstrate the content of these alleged communications.  So, while Defendant admits, consistent with its pleadings, that some recordings exist, none have been introduced into the record before the Court.**

17.     Plaintiff has advised both his bankruptcy attorney and the Chapter 13 Trustee of the instant suit (Exhibit 1).

**RESPONSE: Defendant knows as much as the Court knows.  Apparently, on the same day that Defendant tendered his Opposition, his attorney also sent a letter to Plaintiff's bankruptcy attorney and Chapter 13 Trustee notifying them, for the first time, that Plaintiff had an undisclosed asset.  The letter speaks for itself.**

18.     Defendant has submitted no evidence from any collector who actually called, spoke to or left messages for Plaintiff, only from a "Litigation Manager" who conducted a "personal investigation."  (Exhibit C, Proctor Declaration ¶3).

**RESPONSE: The terms of the Proctor Declaration speak for themselves. Defendant disagrees with the characterizing that no evidence was submitted from collectors.  Certainly the only *testimony* offered from Defendant was that of a Litigation Manager who investigated the file and acted as the Defendant's representative for purposes**

3

OM 157370.1

of supporting this Motion.  This statement is generally not relevant to any issues before the Court.

<u>**ARGUMENT**</u>

I.     **Plaintiff's Post Hac Efforts To Avoid Judicial Estoppel And Standing Defenses Arising From Omissions in Bankruptcy Court Are A Day Late And Dollar Short.**

In its opening Memorandum, Defendant detailed extensive case law supporting the position that a civil plaintiff who fails to list his claims as an asset or otherwise in a subsequently filed bankruptcy proceeding lacks standing and/or is judicially estopped from proceeding with the non-disclosed claims.  In response, Plaintiff dedicates all of one paragraph to this issue. (Opposition at pp. 3-4).  The single paragraph fails to address any of the controlling case law cited by Defendant, nor offers any contrary authority of his own.

Factually, Plaintiff does not deny having failed to disclose this lawsuit in his bankruptcy case.  Plaintiff's lawyer weakly offers a generalized excuse in the briefing about the hasty nature of bankruptcy filings.  Even if this were a true statement, there is no *evidence* to support it. Plaintiff himself fails to offer any affidavit testimony explaining his conduct or offering any specific excuses why he failed to disclose this lawsuit to the trustee or his bankruptcy counsel. Having had his hand caught in the proverbial cookie jar, Plaintiff can only muster a terse notification letter from his counsel herein to the trustee and his bankruptcy lawyer.  By its terms, this letter was the first notification either of those parties had of this lawsuit.  And even more shocking, the letter was not even mailed out until October 12, 2011 – the same day Plaintiff filed his Opposition.  Plaintiff was placed on notice of his transgression when Defendant filed its Motion on September 15, 2011, but in the interim period between the Motion and Opposition,

Plaintiff made no effort to remedy the situation with the bankruptcy court.  The afterthought letter from his counsel is a woefully inadequate response to Defendant's legal position.[1]

Moreover, this letter does not solve the problem.  The letter does not demonstrate that any actions have occurred in the bankruptcy proceeding to alleviate Plaintiff's transgressions.  Even if there were evidence before the Court that the Plaintiff formally amended his schedules or otherwise addressed his malfeasance with the bankruptcy court, which there is not, the actions are too late.  As demonstrated by the authority in Defendant's opening Memorandum, Plaintiff cannot claim ignorance or mistake and attempt to go back in time to fix the false statements.  Eastman v. Union Pac. R.R. Co., 493 F.3d 1151, 1157-58 (10th Cir. 2007).  A contrary rule would do little to motivate bankruptcy debtors to truthfully disclose known claims, and would instead allow them to "roll the dice" to see if they are caught.  "The doctrine of judicial estoppel serves to offset such motive, inducing debtors to be completely truthful in their bankruptcy disclosures."  Id.

In short, Plaintiff has not even attempted to dispute either the facts or the law on this issue.  Summary judgment must be granted.

## II.     Plaintiff Has Failed To Demonstrate The Existence Of Disputed Material Facts As To His Prima Facie Case For FDCPA Violations.

Plaintiff's Opposition addressing the merits of his FDCPA claims is non-responsive at best.  Rather than squarely addressing each of the defenses tendered by Defendant in its Motion, Plaintiff generally parrots the language of the Pretrial Order and nakedly advances that issues of fact remain for the jury.  In doing so, Plaintiff fails to meet his evidentiary burden.  Conaway v.

---

[1]  This is not harmless oversight or a technicality.  It is clear that Plaintiff only made his creditors and the trustee aware of this pending lawsuit when he was caught.  Had Defendant not discovered the lawsuit on its own, Plaintiff would have likely reaped the benefits of bankruptcy protection (at the expense of creditors, including Asset), while being able to retain the full benefits of any recovery in this case.  Judicial estoppel exists precisely to address attempts -- even unsuccessful ones -- to game the system in this way.

OM 157370.1

Smith, 853 F.2d 789, 794 (10th Cir. 1988) (holding that a party cannot rest on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial).

> **A.      Plaintiff fails to controvert Defendant's evidence refuting a violation of Section 1692(c)(b) (third party disclosure).**

In response to Defendant's defenses regarding third party disclosures, Plaintiff does little more than re-state his pleadings and quote from the FDCPA.  Neither demonstrates issues of fact for a jury to consider.  Plaintiff does not dispute the following facts, which demonstrate that no third party disclosure occurred:

- Asset was not attempting to communicate with Plaintiff's co-worker, but was communicating only with Mr. Barker.  (SOF ¶ 12).

- Mr. Barker chose to listen to the voice message at issue herein in close proximity to his co-workers even though he could have listened to the message privately through a handset or headset.  (SOF ¶ 10).

- Mr. Barker chose to return a call to Asset from work, rather than waiting to return the call from the privacy of his home or elsewhere.  Mr. Barker chose to voluntarily discuss his debt with his co-worker, Mr. Ging, both while he was on hold with an Asset collector and after he heard the alleged voice message. Finally, after Mr. Barker had made payment arrangements with Asset, he requested that Asset fax to him confirmation of the payment terms to a fax number at his place of employment where it was possible that others at his workplace could have seen the facsimile.  (SOF ¶ 13).

In addition, Plaintiff fails to offer evidence that Asset "knew or had reason to know that other persons besides the Plaintiff might hear the messages."  Id.; Federal Trade Commission Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed.Reg. 50104 (Dec. 13, 1988) ("[a] debt collector does not violate this provision when an eavesdropper overhears a conversation with the consumer, unless the debt collector has reason to anticipate the conversation will be overheard.").  Absent such evidence, Defendant cannot be held liable for an unintended and unforeseen hearing of any alleged message by a third party.

OM 157370.1

Finally, Plaintiff fails to rebut the evidence that if such third-party disclosure did occur in violation of the FDCPA, Asset is protected from liability by the bona fide error defense.  As discussed in Section III below, Plaintiff functionally ignores the bona fide error defense.

> **B.**     **Plaintiff offered no evidence to support his claim that Defendant failed to meaningfully disclose its identity.**

In response to Plaintiff's claim that Defendant communicated with him in one voice message wherein Defendant allegedly did not provide meaningful disclosure of its identity, Plaintiff offers a smokescreen.  Defendant demonstrated in its opening Memorandum that no admissible evidence supports such position.  In his Opposition, Plaintiff fails to comprehend the import of the spoliation/admissibility positions advanced by Defendant.  Instead, Plaintiff attempts to sidestep the issues by pointing to another portion of the record.  This does not salvage the lack of admissible evidence.

Amazingly, Plaintiff apparently concedes that the copied recording tendered by Plaintiff in discovery (wherein Asset allegedly did not disclose its identity) is not admissible; or at least Plaintiff does not argue for its admissibility in his Opposition.  Instead, Plaintiff seemingly believes that such admissibility is not necessary because Mr. Barker offered testimony about the alleged recording in his deposition.  (Opp. at p. 6).  This position misses the mark for a several reasons.

First, Mr. Barker's testimony, by itself, does not establish that the message was sent by Asset or that it was received by Plaintiff in the format he alleged.  Indeed, the testimony Plaintiff cites to in his Opposition reveals only that Mr. Barker believes that a transcript of his copied recording accurately reflects the message left.  That testimony falls short of that which is necessary to prove that the message was sent by Asset to Plaintiff in the form he alleges.

Second, sidestepping the admissibility of the recording by citing to Plaintiff's testimony does not solve the best evidence issue.  The best evidence of what was said or not said on the recording is found in the original recording itself – not a copy, and not a year-old recollection from Plaintiff.  Cartier v. Jackson, 59 F.3d 1046, 1049 (10th Cir. 1995).

Third, Plaintiff fails to even address the spoliation issue.  Separate and apart from whether a proper foundation can be laid for the recording or testimony about the recording, the original recording itself was erased.  Plaintiff did not deny Statement of Facts paragraphs 27 and 28, nor has Plaintiff sought to supplement the record with the original recording.  As such, the Court must find that the original recording at issue was not preserved by Plaintiff despite the fact that it remained in Plaintiff's possession after he had retained counsel to pursue this lawsuit.  This is garden variety spoliation.

In its Motion, Defendant has testified that it does not believe that the recording is an authentic message left by Asset.  (SOF ¶ 29).  The authenticity of the message, however, cannot be investigated because Plaintiff destroyed the evidence.  Essentially, Plaintiff wishes to present the following case to the jury: **"Defendant left a voice message at my work that violated the FDCPA.  I erased the message and Defendant denies leaving me such message, but trust me, this is what it said. . . ."**  As discussed in the authorities presented to the Court in Defendant's opening Memorandum, the law does not allow Plaintiff to present such mischief to the jury.

Finally, even if these arguments did not win the point, the bona fide error defense, discussed in Section III below, still prevents Plaintiff's claims from going forward.

OM 157370.1

**C.      Plaintiff has produced no evidence that he requested that Defendant cease and desist contact.**

In support of a claim under Section 1692(c) (failure to cease communications upon request), Plaintiff baldly asserts that "Plaintiff claims he advised Defendant that he could not receive collection calls at work."  (Opp. at p. 7).  Plaintiff does not bother, however, to cite to any portion of the record supporting the position.  Plaintiff also notes (without citation to the record) that Defendant recorded some of its calls with Plaintiff; thus, in Plaintiff's view, creating a jury question.  Plaintiff neglects to explain a rationale for this position.  More importantly, Plaintiff fails to point to any specific recorded call or any other portion of the record creating such genuine issue of fact for a jury to consider.  If Plaintiff believes that Defendant violated this section of the FDCPA during some call, then it was incumbent upon Plaintiff to provide to the Court some evidence of the alleged call and its content.

The Federal Rules do not allow Plaintiff to merely rest upon his pleadings or generally allude to issues not borne out in the record presented to the Court.  <u>Conaway v. Smith</u>, 853 F.2d 789, 794 (10th Cir. 1988).  It is certainly not this Court's function to comb through the record searching for support for naked assertions made by a party bearing the burden of demonstrating an issue of fact.  As such, no evidence has been presented to support a Section 1692(c) violation.

**D.      Section 1692(f) preface fails for lack of evidence.**

As an intitial matter, Plaintiff was asked to articulate during his deposition all of the ways in which Defendant allegedly violated the FDCPA, and he omitted any reference to unfair collection practices by Defendant as contemplated in Section 1692(f) preface.  (SOF ¶ 8).  Even if such claim can still be advanced, there is no evidence to support it.

Section 1692(f) preface generally prohibits the use of "unfair or unconscionable means" to collect a debt.  In sole support of a claim under this Section, Plaintiff offers the following two

sentences: "Here, we have 39 calls recorded by Defendant to which Defendant has stipulated. The jury should hear the calls." (Opp. at p. 8). That is it. Plaintiff cites to nothing in the record before this Court to support the assertion that 39 recorded calls exist. More importantly, Plaintiff does not point out to the Court what is allegedly stated on any of these calls that would constitute an unfair or unconscionable debt collection practice by Defendant. Plaintiff just makes unsubstantiated statements.

This argument is another example of what Rule 56 was designed to avoid. In order to defeat summary judgment, Plaintiff bears the burden of coming forward with specific citations to the record that demonstrate a genuine issue of material fact remains for a jury's determination. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). Plaintiff has utterly failed in this burden and summary judgment must be granted.

**III.     Plaintiff Offers No Response To The Evidence Of Bona Fide Error.**

Assuming this Court somehow finds that genuine issues of material fact exist concerning Plaintiff's prima facie allegations of FDCPA violations, the Court must also determine that Plaintiff has met his burden of showing issues of fact related to Defendant's bona fide error defense. Plaintiff has failed to present any evidence to dispute Defendant's position.

Indeed, at the end of his Opposition, Plaintiff offers a single paragraph addressing bona fide error. Plaintiff again fails to cite to any portion of the record or offer any contrary case law to Defendant's position. Plaintiff simply (and incorrectly) advances that bona fide error "generally involves questions for the jury." (Opp. at 8). Plaintiff's lack of citation to support the legal position is telling as to the weakness of such assertion. No logical reason exists to exempt bona fide error defenses from summary judgment scrutiny.

Plaintiff then notes that "Defendant must provide evidence of specific procedures and practices in place to avoid the specific error." Defendant did just that. Paragraphs 21 through 23

OM 157370.1

of the Statement of Facts set forth in detail Defendant's procedures for ensuring that compliant voice messages are sent to debtors.  Plaintiff's attempts to dispute these facts by labeling them as "conclusory" are unavailing.  Plaintiff must do more than critique the quality of Defendant's evidence – Plaintiff must come forward with citations to the record demonstrating that fact issues remain for a jury to consider.

Accordingly, the undisputed evidence before this Court shows that any violations of the FDCPA were: (1) unintentional; (2) the result of a bona fide error; and (3) made despite the maintenance of procedures reasonably adapted to avoid the error.  Plaintiff presents nothing to dispute this evidence.  As such, the Motion must be granted.

## CONCLUSION

For the reasons set forth above, Defendant respectfully requests that its Motion for Summary Judgment be granted, that this suit be dismissed with prejudice, and the Court grant such other and further relief as it deems just and proper.

DATED this 20th day of October, 2011.

ASSET ACCEPTANCE, LLC, Defendant

By: s/ Joshua C. Dickinson
    Joshua C. Dickinson, Bar Number 20632
    Attorneys for Defendant
    Spencer Fane Britt & Browne LLP
    1000 Walnut, Suite 1400
    Kansas City, MO 64106
    Telephone: (816) 474-8100
    Facsimile: (816) 474-3216
    Email: jdickinson@spencerfane.com

OM 157370.1

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the foregoing was filed electronically with the United States District Court for the District of Kansas on the 20th day of October, 2011, with notice of case activity generated and sent to all counsel of record.

s/ Joshua C. Dickinson

Attorney for Defendant

OM 157370.1